In his application for rehearing, plaintiff claims that we have erred in two particulars, viz.:
"I. The court erred in not taking into account and considering the salient issue made by this record, by Appellate's (Appellee's) brief that Appellant (appellee) was an ordinary, common carpenter and should not be gauged or judged by what a few exceptional men can do, found after combing one-fourth of the State.
"II. The court erred in not taking into account that there is an almost universal prejudice in the building industry against and makes it practically impossible for Appellant (appellee) to get a job because of the loss of one of his eyes."
Our answer to the plaintiff is that our opinion clearly shows that we considered him as "an ordinary and common carpenter", in which duties as such he was not required to have precise vision, and did not gauge or judge him by what a few exceptional men could do, but only gauged or judged him in the light of what a "common" carpenter could do. By that we mean, if in twenty years of experience in the carpentry trade, he had only learned the art of sawing a board, and the nailing thereof, the roofing of houses, under the evidence in the record, he could still perform his regular work with his remaining eye in which he has perfect vision.
As to plaintiff's second contention, we only say that this record is barren of any evidence which would tend to show any prejudice in the building industry against any one-eyed common carpenter, and to show that such a one-eyed carpenter could not get a job because of the loss of one of his eyes. As previously stated in our opinion, one of plaintiff's own witnesses testified that a carpenter of plaintiff's class had had employment at Camp Polk, near Leesville, within the sphere of plaintiff's employment, and had done satisfactory work.
Rehearing refused.